Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/08/2022 09:08 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. James A. Owen, respondent.
___ N.W.2d ___

Filed April 15, 2022.     No. S-21-538.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by James A. Owen, the respondent, on February 2, 2022. The court accepts the respondent's conditional admission and enters an order suspending the respondent from the practice of law for a period of 6 months.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 22, 2015. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Plattsmouth, Nebraska.

On June 25, 2021, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The formal charges consisted of two counts. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Fifth Judicial District.

The formal charges generally allege violations relating to competence, diligence, communications, fees, and misconduct, some of which are attributable to his lack of appellate experience. The violations arose from the respondent's representation of J.D. pursuant to a contract for legal services in which the respondent agreed to represent J.D. in proceedings for modification of a divorce decree and contempt. The contract between the respondent and J.D. provided that J.D. advance $2,500 toward the legal services. The contract provided that the advanced fees would be deposited into the respondent's trust account and that he would withdraw funds upon completing services at a rate of $150 per hour. The contract provided that when expenses were incurred after the advanced payment was depleted, the respondent would bill J.D. for expenses and/or services at a rate of $150 per hour. However, the respondent never provided itemized bills to J.D.

*Count I.*

The respondent appeared on behalf of J.D. in the district court for Johnson County, Nebraska. On June 5, 2019, an order of modification and parenting plan was issued in the case. On July 5, the respondent filed a notice of intent to appeal. After filing the transcript with the Nebraska Court of Appeals, the respondent made no further filings or appearances on behalf of J.D. in either the district court or the Court of Appeals. On July 29, the Court of Appeals issued a show cause order for J.D. to provide the court with a copy of the required child support worksheet that was used to determine the amount of J.D.'s child support obligation set forth in the June 5 modification order. The respondent failed to respond to the Court of Appeals and failed to file the child support worksheet. The matter was remanded to the Johnson County District Court, and on September 26, the Johnson County District Court entered a judgment on the mandate. The respondent failed to notify J.D. that the appeal had been remanded. On or about December 19, the respondent provided J.D. a draft copy of a

brief he wrote for the Court of Appeals and claimed it was due to that court on December 23.

In his response to the relator, the respondent stated that he believed that the appeal was still open and that a brief would need to be submitted. He stated he did not inform J.D. that the matter had been remanded because he was not aware that it was his fault the matter had been remanded. He stated that this was his first attempt at an appeal and that he was not well versed in appellate practice. He billed J.D. in advance for the appellate work.

The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012), and violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.3 (diligence), 3-501.4(a)(3) and (4) and (b) (communications), 3-501.5(a), (b), and (f) (fees), and 3-508.4(a) and (c) (rev. 2016) (misconduct).

*Count II.*

Count II also relates to the respondent's representation of J.D. After August 21, 2019, the respondent made no filings in the district court case. Prior to March 12, 2020, the respondent and J.D. discussed filing a motion with the court to change her child support obligations due to the arrest of her ex-husband. On March 12, the respondent texted J.D. stating, "'It's signed. It'll be uploaded to the court system overnight and I'll be able to access it tomorrow.'" Later in the text conversation, the respondent, when asked whether it would suspend child support, stated, "'Yes. But that will only be good for 30 days under an ex parte order.'"

On March 16, 2020, the respondent drafted an ex parte order regarding J.D. Less than an hour later, the respondent met with J.D. and her father. Subsequently, J.D. received a document that purported to be a copy of an ex parte order signed by a judge with an e-filed stamp on the top right corner with a

filing date of March 13, 2020, that was identical to the draft ex parte order created by the respondent on March 16. On April 2, J.D. contacted the clerk of the court in Johnson County and was told that there was not an ex parte order filed or signed by that judge. The transaction number on the falsified ex parte order actually belonged to a different document filed earlier in the same matter.

In April 2020, the respondent told J.D. that he had filed a motion to transfer her case to another county. The respondent told J.D. that a phone hearing was scheduled on the motion for July 6. No motion to transfer was filed by the respondent, and no hearing was noticed.

As set forth above, the respondent lied to J.D., claiming he drafted and filed documents, and then the respondent falsified a signature and filing information on a document before providing it to her. Formal charges were drafted by the Counsel for Discipline and were reviewed by the Committee on Inquiry pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The Committee on Inquiry determined that there were reasonable grounds for discipline of the respondent and that a public interest would be served by the filing of formal charges. The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and violated § 3-508.4 (misconduct).

On February 2, 2022, the respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4(a)(3) and (4) and (b) (communications), 3-501.5(a), (b), and (f) (fees), and 3-508.4(a) and (c) (misconduct) of the professional conduct rules. In the conditional admission, the respondent admitted that his conduct violated the identified rules of professional conduct. The respondent knowingly does not challenge or contest the truth

of the matters conditionally asserted and waived all proceedings against him in exchange for a suspension of 6 months.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that the respondent's proposed discipline is appropriate under the facts of this case and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that the respondent knowingly does not challenge or contest the matters conditionally admitted and has waived proceedings against him in connection therewith. We further determine that by his conduct, the respondent violated §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4(a)(3) and (4) and (b) (communications), 3-501.5(a), (b), and (f)

(fees), and 3-508.4(a) and (c) (misconduct) of the professional conduct rules and his oath of office as an attorney licensed in the State of Nebraska. Despite the seriousness of the conduct, we note that the respondent was relatively new to the practice of law and cooperated fully with the Counsel for Discipline. We further note that under Neb. Ct. R. § 3-310(S) (rev. 2022) of the disciplinary rules, the respondent is subject to a character and fitness evaluation before he is readmitted. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

CONCLUSION

The respondent is suspended from the practice of law for a period of 6 months. The respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, the respondent shall be subject to punishment for contempt of this court. The respondent is also directed to pay costs and expenses in accordance with § 3-310(P) and Neb. Ct. R. § 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.